AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
El Dorado Division

US DISTRICT COURT
WESTERN DIST ARKANSAS
**FILED**
07/21/2022

IN THE MATTER OF THE SEARCH OF A LENOVO LAPTOP COMPUTER (S/N MP1GSQUD) AND AN APPLE IPHONE, (IMEI 351330880441601) IN THE POSSESSION OF THE FEDERAL BUREAU OF INVESTIGATION IN THE WESTERN DISTRICT OF ARKANSAS

No. 1:22-cm-00031

**Filed Under Seal**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location)*:
See "Attachment A"

located in the Western District of Arkansas there is now concealed *(identify the person or describe the property to be seized)*:
See "Attachment B." **This Court has authority to issue the requested search warrant under Federal Rule of Criminal Procedure 41.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
[x] evidence of a crime;
[x] contraband, fruits of crime, or other items illegally possessed;
[x] property designed for use, intended for use, or used in committing a crime;
[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to violations, in the Western District of Arkansas, of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |
| 18 U.S.C. § 2252A(a)(2) | Receipt/Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession/Access With Intent to View Child Pornography |

The application is based on these facts:  (See attached affidavit of TFO Shelly Rowland, FBI)
[x]  Continued on the attached sheet.

[ ]  Delayed notice of __ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

BAB

(Appearing by telephone conference call at 415-527-5035)
TFO Shelly Rowland, Federal Bureau of Investigation, *Affiant*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1, by appearing via telephone conference call at 415-527-5035.

Date: 7-21-22

Judge's signature

City and state: Texarkana, AR

Hon. Barry A. Bryant, United States Magistrate Judge, W. D. Ark.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A LENOVO LAPTOP COMPUTER (S/N MP1GSQUD) AND AN APPLE IPHONE, (IMEI 351330880441601) IN THE POSSESSION OF THE FEDERAL BUREAU OF INVESTIGATION IN THE WESTERN DISTRICT OF ARKANSAS | Case No.<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Shelly Rowland, a Task Force Officer with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I have been a Task Force Officer of the FBI since October 2021. I also serve as a law enforcement officer in Arkansas and have been employed with the El Dorado Police Department (EPD) as a detective for approximately four and one-half years. Prior to that I was employed as a patrolman for four years with the El Dorado Police Department (EPD). I have been trained and/or involved in various aspects of criminal investigations, including, among other things, interviewing suspects and witnesses; conducting surveillance; executing arrest and search warrants; and analyzing documentary and physical evidence. My primary duties are to conduct various criminal investigations including violent crimes against children involving human trafficking, enticement, child prostitution, and production of child pornography. I am a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am authorized by Rule 41(a) of the Federal Rules of Criminal Procedure to make applications for search and seizure warrants and serve arrest warrants.

1

2. Your affiant respectfully submits this affidavit in support of an application for a warrant authorizing the search of a Lenovo laptop computer bearing serial number MP1GSQUD, which computer is further described in Attachment A hereto (hereinafter the "SUBJECT COMPUTER"), and an Apple iPhone assigned International Mobile Equipment Identifier (IMEI) 351330880441601, which iPhone is also further described in Attachment A hereto (hereinafter the "SUBJECT PHONE"). There is probable cause to believe that there is currently located on and within the SUBJECT COMPUTER and SUBJECT PHONE evidence, fruits, and/or property designed for use, intended for use, or used in violations of Title 18, United States Code, Section 2252A(a)(1) [transportation of child pornography]; Title 18, United States Code, Section 2252A(a)(2) [receipt/distribution of child pornography] and Title 18, United States Code, Section 2252A(a)(5)(B) [possession of child pornography/access with intent to view].

3. The facts and statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of subpoenas; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a law enforcement officer and Task Force Officer with the FBI.

4. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(1) [transportation of child pornography]; Title 18, United States Code, Section 2252A(a)(2) [receipt/distribution of child pornography] and Title 18,

United States Code, Section 2252A(a)(5)(B) [possession of child pornography/access with intent to view] are now concealed on the SUBJECT COMPUTER and SUBJECT PHONE.

## VENUE FOR WARRANT APPLICATION

5. Pursuant to Fed. R. Crim. P. 41(b)(1), this Court has authority to issue the warrant sought because there is probable cause to believe that the property to be seized and searched (described in Attachment A hereto) is presently located in the Western District of Arkansas.

## PROBABLE CAUSE

### Seizure of the Subject Computer and Phone

6. On or about June 16, 2021, Agents with Arkansas' 13th Judicial District Drug Task Force (DTF) executed a state search warrant at Room 222 of the Super 8 Motel located at 1925 Junction City Road, El Dorado, Arkansas, which is in the Western District of Arkansas. The room was identified as being rented by Roddy JACKSON (hereinafter JACKSON). During the execution of the search warrant, which authorized the seizure of electronic devices, DTF Agents seized, among other things, a Lenovo laptop computer, serial number MP1GSQUD (hereinafter SUBJECT COMPUTER). DTF Agents also seized an Apple iPhone, IMEI 351330880441601 (hereinafter SUBJECT PHONE), which was in the possession of JACKSON at the time of his arrest.

7. Although your affiant is not providing the following information to establish probable cause, your affiant believes the court should be made aware that during the search warrant execution, DTF Agents observed what they believed may have been child pornography on the SUBJECT COMPUTER, which was powered on, unlocked, and open at the time.

### Independent Witness Reporting

8. On or about September 5, 2021, a woman reported to the El Dorado Police Department (EPD) that she had observed naked pictures and videos of underage girls on a cellular telephone belonging to JACKSON, who she had been dating for approximately one month. While making this report, the reporting party began to show the pictures and videos to EPD Officers, noting that JACKSON was aware that she knew and was actively attempting to delete them. The reporting party also told EPD Officers that she contacted Megan Hall, the mother of JACKSON's minor daughter, after observing what she believed was a video of JACKSON's daughter in her bedroom.

9. On September 8th, 2021, Investigators with EPD conducted a traffic stop in the area of West Hillsboro Street and Hardy Avenue in El Dorado, Arkansas. JACKSON was subsequently arrested for state drug charges resulting from the traffic stop. Investigators seized his Apple iPhone, International Mobile Equipment Identifier (IMEI) 356462106127154, which was on his person, as evidence. Investigators with EPD transported JACKSON back to the police department where a custodial interview was conducted. Investigators with EPD then advised JACKSON of his Miranda Rights and asked if he would consent to a search of the Apple iPhone he had in his possession. JACKSON was then read a consent to search form before signing it and gave EPD investigators consent to search the device.

### Dropbox Search Warrant

10. On or about July 19, 2021, a separate FBI investigation was opened regarding a CyberTipLine Report from the National Center for Missing and Exploited Children (NCMEC), by way of the Arkansas State Police (ASP). In the CyberTipline Report submitted on or about April 24, 2021, Dropbox, Inc., (hereinafter "Dropbox"), an internet-based data storage and transfer

4

provider, reported that the user of the Dropbox account identified by the user ID "4025448224" and email address "yyegd4rg9f@privaterelay.appleid.com" had uploaded one (1) file of apparent child pornography to Dropbox.

11. On October 25, 2021, pursuant to an administrative subpoena issued by the FBI, Apple Inc. (hereinafter Apple) provided information for the account associated with "yyegd4rg9f@privaterelay.appleid.com." Among the information provided by Apple was information for five (5) Apple devices registered to the account including make, model, and serial numbers. Additionally, Apple provided device purchaser information including name, address, telephone number, and email address. Below is the purchaser information as provided by Apple:

    A. **Name:** Roddy George Jackson

    B. **Email:** roddybosky@icloud.com

    C. **Address:** 1162 Aurelle Rd Strong, Arkansas 71765-9739

    D. **Phone Number:** 870-918-6915

12. On November 12, 2021, based on de-confliction with the ASP and the EPD, the FBI became aware of an additional NCMEC CyberTipline report submitted by Dropbox regarding JACKSON and a separate Dropbox account. In the CyberTipline Report submitted on or about August 26, 2021, Dropbox reported that the user of the Dropbox account identified by the User ID "4066777392" and email address roddybosky@icloud.com had uploaded one (1) file of apparent child pornography to Dropbox. A copy of that file—a digital video—was included with the CyberTipline Report. The digital video is approximately 55 seconds long, and depicts what appears to be a prepubescent female, approximately 7 to 10 years of age, using her hands to masturbate the erect penis of an adult male.

13. On January 12, 2022, a federal search warrant for the Dropbox accounts with unique identifiers "4025448224" and "4066777392" was issued in the Western District of Arkansas by United States Magistrate Judge Barry A. Bryant. Pursuant to the execution of that warrant, Dropbox produced records for the 4066777392 account[1] which agents have reviewed. During the review, agents observed approximately three (3) videos that appear, from their training and experience, to fit the definition of child pornography set forth in 18 U.S.C § 2256(8). These included two (2) videos depicting children who appear to be under the age of 12 engaging in sexually explicit conduct, as that term is defined in 18 U.S.C § 2256(2). One of the videos recovered is the 55-second long video described in the preceding paragraph.

## Google Search Warrant

14. On November 24, 2021, a federal search warrant for the Google LLC (hereinafter Google) account of JACKSON, further identified by the email address roddybosky@gmail.com, was issued in the Western District of Arkansas by United States Magistrate Judge Barry A. Bryant. Pursuant to the execution of that warrant, Google produced records for the account which agents have reviewed. During the review, agents observed approximately two (2) images and eighteen (18) videos that appear, from their training and experience, to fit the definition of child pornography set forth in 18 U.S.C § 2256(8). These included nine (9) videos depicting children who appear to be under the age of 12 engaging in sexually explicit conduct, as that term is defined in 18 U.S.C § 2256(2).

---

[1] In reply to the search warrant served on January 12, 2022, Dropbox indicated no records were available for the 4025448224 account

### Consent Search of Another Phone Seized from Jackson

15. After becoming aware of the parallel FBI investigation regarding JACKSON, EPD and the 13th DTF transferred custody of several evidence items to the FBI, including the Apple iPhone seized following the traffic stop on September 8, 2021, the SUBJECT PHONE, and the SUBJECT COMPUTER. On or about November 5, 2021, pursuant to written consent provided by JACKSON as referenced in paragraph eight, EPD investigators requested FBI assistance with the forensic extraction of JACKSON Apple iPhone. On or about November 09, 2021, the Apple iPhone was submitted for extraction and the device was extracted on November 15, 2021.

16. During the review of the device, agents observed approximately one (1) image and two (2) videos that appear, from their training and experience, to fit the definition of child pornography set forth in 18 U.S.C § 2256(8). Of those video files one (1) was substantially longer than five minutes, as it was twenty-eight minutes and twenty-eight seconds (28:28) in length. These included one (1) image and one (1) video depicting children who appear to be under the age of 12 engaging in sexually explicit conduct, as that term is defined in 18 U.S.C § 2256(2).

17. The following is a description of one image located on the device: An image of a toddler child, approximately 3-5 years of age, lying nude on his/her stomach while an adult male is engaged in penile-vaginal/anal sex with the child. The pubic area and one leg of the adult male is the only portion of the male that can be observed. The adult male has one hand on the buttocks of the child and appears to be pinching his/her buttocks together with his thumb and index finger. The child's head and neck cannot be observed.

### Custodial Interview of Jackson

18. On December 15, 2021, FBI Special Agents conducted a custodial interview of Roddy JACKSON at the Union County Detention Center in El Dorado, Arkansas. JACKSON was

advised of his rights under Miranda which he then waived. During the interview, JACKSON stated that a woman[2] he had been dating for approximately one month needed a cellular telephone. JACKSON provided her with an old cellular telephone of his, which he had not deleted any of his accounts from.

19. JACKSON told Agents that he first viewed child pornography at the age of 11 or 12. JACKSON also told Agents that "I looked at it then and I've looked at it since" and "I do need help and I do admit that I am guilty, I just hope that I can get some mercy." Although JACKSON could not provide any account identifiers, he further indicated that he had a Dropbox account, and the child pornography would be sent in the form of a Dropbox link through Snapchat.

20. Your affiant herein believes there to be sufficient probable cause for the search of the SUBJECT COMPUTER and SUBJECT PHONE based upon the facts presented. After analyzing each device and/or account belonging to JACKSON agents found images and/or videos which fit the definition of child pornography set forth in 18 U.S.C § 2256(8). Furthermore, as referenced is paragraph nine, NCMEC received reports of child pornography material on JACKSON's Drobox account on April 24, 2021, nearly two months before the SUBJECT PHONE and SUBJECT COMPUTER were seized from JACKSON. As such, it is believed the SUBJECT COMPUTER and SUBJECT PHONE will also contain images and/or videos which fit the definition of child pornography set forth in 18 U.S.C § 2256(8).

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my training, experience, and research, I have probable cause to believe the SUBJECT PHONE has capabilities that allows it to serve as a wireless telephone, digital

---

[2] This is the woman who reported the EPD on September 5, 2021, the presence of child pornography on JACKSON's device

camera, portable media player, GPS navigation data, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

22. Based on my knowledge, training, and experience, I know that electronic devices such as the SUBJECT PHONE and SUBJECT COMPUTER can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. Based on my training and experience, I have learned that cell phone technology is rapidly evolving. In addition to enabling voice communications, cell phones now offer a broad range of capabilities, which may include but are not limited to: storing names and phone numbers in electronic "address books"; storing dates, appointments, and other information on personal calendars; sending, receiving, and storing text messages, picture messages, and e-mail; taking, sending, receiving, storing, and displaying/playing still photographs, video files, and audio files; and accessing and downloading information from the Internet. A cell phone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition, cell phones now have the capability to store greater amounts of information and to store this information for long periods of time. Many cell phones utilize Secure Disk (SD) technology, including mini-SD and micro-SD cards; these cards can contain memory ranging in size from megabytes to gigabytes of information, and they are able to store hours of video, thousands of photos, and other types of electronic data. Persons involved with child pornography and similar child sexual exploitation offenses commonly use cellular telephone to produce, receive, distribute, possess, and access child pornography, as well as to communicate with others involved in such offenses. Often in investigations of these offenses, searches of cell phones find

9

depictions, communications, and other data from both the senders and the recipients of this data. Even when depictions and other data are deleted, they often can be recovered through forensic examination. I also know from my training and experience, and from my contacts with other experienced criminal investigators, that individuals involved in the illicit production, receipt, possession and distribution of child pornography and child exploitation images typically retain those materials for long periods of time (often for many years), usually in digital form on electronic devices such as the SUBJECT PHONE and SUBJECT COMPUTER. Moreover, I know from my training and experience that such individuals commonly transfer illicit materials one device to another, including from older electronic devices to newer ones as such devices are replaced or upgraded.

24. As further described in Attachment B, this application seeks permission to locate not only files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the SUBJECT PHONE and SUBJECT COMPUTER was used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on the SUBJECT PHONE and SUBJECT COMPUTER described in Attachment A because:

   a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record

additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the electronic device was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d) The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic is evidence may depend on other information stored on the electronic device and the application of knowledge about how an electronic device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

## SPECIFICS OF SEARCH AND SEIZURE OF ELECTRONIC DEVICES

25. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize electronic devices hardware, software, documentation, passwords, and data security devices which are (1) instrumentalities, fruits, or evidence of crime; or (2) storage devices for information about crime. Based on my own experience and consultation with others who have been involved in the seizure and search of electronic devices and retrieval of data from electronic device systems, there are several reasons why electronic devices often must be seized to permit a later, more thorough search and analysis by qualified experts in a laboratory or other controlled environment.

26. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT PHONE and SUBJECT COMPUTER consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. The warrant would permit the imaging or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant and would authorize a later review of the media or information consistent with the warrant.

## CUSTODY AND PRESERVATION OF THE SUBJECT DEVICES

27. At all times since their initial seizure by DTF agents on June 16, 2021, the SUBJECT COMPUTER and SUBJECT PHONE have remained secure, unaltered, and in the custody of law enforcement. The SUBJECT DEVICES are currently in the custody of the Federal Bureau of Investigation, in the Western District of Arkansas.

## CONCLUSION

28. Based on the facts outlined in this affidavit and upon my experience and training, I believe that there is now probable cause to believe that evidence, fruits, and/or property designed for use, intended for use, or used in committing violations of Title 18, United States Code, Section 2252A(a)(1) [transportation of child pornography]; Title 18, United States Code, Section 2252A(a)(2) [receipt/distribution of child pornography] and Title 18, United States Code, Section 2252A(a)(5)(B) [possession of child pornography/access with intent to view] is currently within the property generally described above and more fully described in Attachment A, attached hereto.

29. Therefore, I respectfully request this Court to issue a search warrant authorizing the search of the SUBJECT PHONE and SUBJECT COMPUTER, which is in the possession of the FBI in the Western District of Arkansas.

Respectfully submitted,

(Appearing by telephone conference call at 415-527-5035)
Shelly Rowland
Task Force Officer
Federal Bureau of Investigation

Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1, by appearing via telephone conference call at 415-527-5035 on this 21st day of July 2022.

_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This search warrant applies to a Lenovo laptop computer bearing serial number MP1GSQUD (SUBJECT COMPUTER), and an Apple iPhone assigned International Mobile Equipment Identifier (IMEI) 351330880441601 (SUBJECT PHONE) currently in the possession and custody of the Federal Bureau of Investigation, in the Western District of Arkansas.

## ATTACHMENT B

### Particular Things to be Seized

All records, files, information and data on the electronic devices described in Attachment A that relate to violations of Title 18, United States Code, Section 2252A(a)(1) [transportation of child pornography]; Title 18, United States Code, Section 2252A(a)(2) [receipt/distribution of child pornography] and Title 18, United States Code, Section 2252A(a)(5)(B) [possession of child pornography/access with intent to view], including, but not limited to:

a. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

b. All documents, including all temporary and permanent electronic files, records, and photographs (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which contain, attach, or describe child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

c. User-attribution data to include data that reveals who used or controlled the devices at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, computer logs, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the SUBJECT PHONE and SUBJECT COMPUTER, electronic address books, calendars, instant messaging logs, electronically stored photographs and video, file structure and user-created documents, including metadata.

d. Images of child pornography or child erotica and files containing images of such in any form wherever it may be stored or found on the SUBJECT PHONE AND SUBJECT COMPUTER.

  e. Any and all originals or copies in any variety or format of photographic images exchanged between any persons.

  f. Any and all internet browser history, to include search terms.

  g. Location data